SEE, Justice
(concurring in part and dissenting in part).
I dissent from the no-opinion affirmance of the summary judgment in favor of the defendant Mazak Corporation on its unjust-enrichment counterclaim against the plaintiff Charles Sullivan d/b/a Sullivan Machine & Tool Company. Otherwise, I concur in the affirmance of the trial court’s judgment.
A party cannot recover on a claim of unjust enrichment where there is an enforceable express contract between the parties concerning the same subject matter on which the unjust-enrichment claim rests. See Kennedy v. Polar-BEK & Baker Wildwood Partnership, 682 So.2d 443, 447 (Ala.1996). See also Barry Mogul & Assocs., Inc. v. Terrestris Dev. Co., 267 Ill.App.3d 742, 750-51, 643 N.E.2d 245, 251-52, 205 Ill.Dec. 294, 300-01 (1994), stating:
“It is well established, as a general rule, that a plaintiff cannot pursue a quasi-contractual claim where there is an enforceable express contract between the parties.... ‘Difficulties arise with quasi-contractual claims when there is an express contract between the parties. The general rule is that no quasi-contractual claim can arise when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests. The reason for this rule is not difficult to discern. When parties enter into a contract they assume certain risks with an expectation of a return. Sometimes, their expectations are not realized, but they discover that under the contract they have assumed the risk of having those expectations defeated. As a result, they have no remedy under the contract for restoring their expectations. In desperation, they turn to quasi-contract for recovery. This the law will not allow. Quasi-contract is not a means for shifting a risk one has assumed under contract.’ ”
(Citations omitted.) I conclude that an enforceable express contract exists between Sullivan and Mazak concerning the same subject matter on which Mazak’s unjust-enrichment counterclaim rests. The dispute between Sullivan and Mazak concerns one of the terms of that contract. Therefore, I dissent from the affirmance of the trial court’s judgment insofar as it relates to Mazak’s unjust-enrichment claim.